UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08-CV-35

**MICHAEL D. BURTON**                                                                                          **PLAINTIFF**

**V.**

**JOHN K. COBURN and**
**GOVERNMENT SUPPORT SERVICES, INC.**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the Plaintiff to remand this action to Russell County (Kentucky) Circuit Court. [DN 6]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's motion is **GRANTED**.

**I. FACTS**

On February 11, 2008, the Plaintiff filed a complaint in Russell County (Kentucky) Circuit Court alleging that the Defendants had violated his rights under the Kentucky Civil Rights Act, K.R.S. § 344 et seq., by refusing to hire him because of his age. On March 5, 2008, the Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) and stated that this court had jurisdiction because the Plaintiff's claim was controlled by the Age Discrimination in Employment Act ("ADEA"). The Plaintiff subsequently filed the motion to remand that is now before the Court.

**II. ANALYSIS**

Under 28 U.S.C. 1441(b), "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." The party seeking removal under this statute has the burden of demonstrating that the district court has original jurisdiction. Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006). "A claim

falls within [a district court]'s original jurisdiction...only '[in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of substantial question of federal law.'" Id. at 550(quoting Thornton v. Southwest Detroit Hosp., 895 F.2d. 1131, 1133 (6th Cir. 1990)).

The Defendant contends that the Court has subject matter jurisdiction because the Plaintiff's claim could have been asserted under the ADEA. However, the well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. (quoting Loftis v. UPS, Inc., 342 F.3d 509, 414 (6th Cir. 2003)). Further, the plaintiff is the "master of his complaint" and, therefore, he may decide what law he will rely upon. Id. Accordingly, the Sixth Circuit has held that "the fact that a claim could be stated under federal law does prevent [a plaintiff] from stating it under state law only." Id. "In other words, even if a plaintiff's complaint could be stated under federal law, a plaintiff may avoid federal subject matter jurisdiction by stating his claim only under state law." Williams v. Greater Chattanooga Pub. TV Corp., 2007 U.S. Dist. LEXIS 67146 (E.D. Tenn. 2007)(citing Eastman, 438 F.3d at 550).

Here, even though the Plaintiff could have brought his age discrimination claim under the ADEA, he chose to rely exclusively on Kentucky state law for relief. Thus, because federal law does not create the Plaintiff's cause of action and because the Plaintiff's right to relief in no way depends upon the resolution of a substantial question of federal law, this Court lacks subject matter jurisdiction over the action.

## III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion to remand is **GRANTED**. The Court, however, declines to award the Plaintiff attorneys' fees, costs, or expenses. **IT IS SO ORDERED**.

Joseph H. McKinley, Jr., Judge
United States District Court

May 21, 2008

cc: Counsel of Record
    Russell Circuit Court